[Crim. No. 29214. Second Dist., Div. One. Jan. 31, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
SIDNEY LEE ROBINSON, Defendant and Appellant.

## COUNSEL

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Aurelio Munoz, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Kent M. Bridwell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Defendant was convicted of forcible rape, forcible oral copulation, and robbery. Allegations in each of the three counts that he was armed with a deadly weapon within the meaning of Penal Code section 12022 were found true. Defendant was sentenced to consecutive state prison sentences on the rape and robbery counts. He was sentenced to state prison on the other count concurrently. The allegations of use of a deadly weapon were incorporated in the judgment as eventually modified except for the count charging robbery.

On this appeal from the judgment, defendant contends: ▮ (1) a search which disclosed a coat described by the victim as worn by her assailant was illegal so that the trial court erroneously received the coat in evidence; ▮ (2) the trial court permitted improper rebuttal testimony by the prosecution; and ▮▮ (3) the sentence imposed is contrary to law in containing multiple findings of the armed allegation contrary to *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551

P.2d 23] and in violating the multiple punishment proscription of Penal Code section 654.

We conclude that: ■ (1) error, if any, in receiving the coat in evidence is established as harmless beyond a reasonable doubt; ■ (2) the rebuttal evidence was properly received; ■ (3) binding precedent supports the trial court's sentence on all counts; and ■ (4) *Culbreth* demands modification of the judgment to reflect that the enhancement of punishment provisions of Penal Code section 12022 are applicable only once.

At about 9 p.m. on February 19, 1976, Carrie McC. was accosted, forced into an alley at knifepoint and then to an area behind a store where she was raped, forced orally to copulate her assailant, and robbed. Ms. McC. had ample opportunity to observe her attacker. He wore a distinctive green, red, and black knit cap and a maroon three-quarter length coat.

Two witnesses saw a man wearing a dark coat and a hat, which one of them described as green, red, and black, run from the alley at the time of the attack upon Ms. McC. and go to a white Chevrolet station wagon. A third witness recorded the license number of the car.

Late on the night of February 19, officers obtained the address to which the station wagon was registered. They went there and found the car on the street with its engine still warm. On the seat of the automobile they saw a green, red, and black knit cap. The officers proceeded to the door of the house at which the car was parked. They had their guns drawn. An officer knocked on the door. Defendant's mother answered. The officer holstered his gun and inquired concerning the ownership of the car. Defendant's mother answered that the car was hers but was driven only by defendant. An officer asked if he could speak to defendant. Defendant's mother answered that her son was asleep in the bedroom. She walked to an interior door, opened it, and said, "He is in there." The officers went to the bedroom where they found defendant and a maroon three-quarter length coat.

Ms. McC. identified a photograph of defendant as that of her assailant, picking it from among a group of several pictures. She identified defendant at a lineup and again at trial.

Defendant presented an alibi defense in the form of testimony of his mother and a friend. Defendant's mother testified that the maroon coat belonged to defendant's brother who was the only one to wear it. She stated that the white station wagon was driven by both defendant and his brother. Over defendant's objection, the prosecution presented rebuttal evidence establishing that defendant's mother had said that while the car belonged to her, defendant drove it and had driven it on February, 19. Other rebuttal testimony, also received over objection, established that defendant had falsely stated that he had, on February 19, lent the car to Leon Smith and had falsely stated that at the time of the offense he was at the Beer Drinkers Hall of Fame. The rebuttal of the prosecution also included evidence that defendant had admitted ownership of the maroon coat.

### Receipt of Coat in Evidence

■ Defendant's motion to suppress evidence of the coat having been denied, the coat was received in evidence against him. On this appeal, he contends that the evidence is the fruit of illegal police conduct coercing his mother's consent to enter the bedroom. We need not reach the doubtful merit of that contention. Assuming that the coat is the tainted product of illegal police conduct, any error in not suppressing the evidence is harmless beyond a reasonable doubt. Hence, the assumed error is not one which permits reversal of the judgment. (*Chapman* v. *California* (1967) 386 U.S. 18, 21 [17 L.Ed.2d 705, 708-709, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

The only evidence which defendant asserts should have been suppressed is the maroon coat. The coat adds very little to the prosecution's case. It constitutes no more than evidence cumulative of the green, red, and black hat and defendant's access to the white station wagon, corroborating the victim's identification of defendant as her assailant. The record reveals beyond a doubt that the result reached by the jury would have been no different had the coat not been included within the quantum of corroborating evidence. (See 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 289.)

### Rebuttal Testimony

■ Defendant contends that the trial court erred in permitting the prosecution to introduce rebuttal evidence in the form of testimony of

false statements of the defendant. He argues that the evidence was properly part of the prosecution's case in chief. The argument lacks merit.

The testimony was received after defendant had presented evidence of an alibi. The proposition that prosecution evidence might have been produced in the case in chief does not itself preclude the use of the evidence in rebuttal if the evidence is not "crucial" to the case and rebuts the defense. (*People* v. *Pike* (1962) 58 Cal.2d 70, 92-93 [22 Cal.Rptr. 664, 372 P.2d 656].)

Here the rebuttal testimony of which defendant complains consists of his false statement that he had lent the white station wagon to Leon Smith and that he was at a bar at the time of the crime with which he was charged. The testimony directly rebuts the defense alibi testimony to the effect that defendant was with his mother at the critical time and did not use her car. In sum, the rebuttal testimony is not "crucial" by any means and rebuts the defense. Hence, the trial court correctly ruled that the rebuttal was proper. (*People* v. *Orabuena* (1976) 56 Cal.App.3d 540, 543-544 [128 Cal.Rptr. 474].)

## Penal Code Section 654

Defendant contends that because the acts of oral copulation and rape are incident to a single course of criminal conduct, Penal Code section 654 precludes execution of the sentences on both counts. Section 654's proscription on multiple punishment has been held by our Supreme Court not to be applicable to multiple but different sex offenses committed in the same time frame upon the same victim. (*People* v. *Hicks* (1965) 63 Cal.2d 764, 766 [48 Cal.Rptr. 139, 408 P.2d 747].) The Supreme Court's rule dictates that the trial court's action in sentencing defendant on both the count of oral copulation and that charging rape be affirmed.

## Use of Deadly Weapon Findings

Defendant argues that the multiple findings of his use of a deadly weapon in two of the counts of which he was found guilty cannot stand because there was only one use of a deadly weapon in one indivisible transaction. The argument finds support in compelling precedent.

In *In re Culbreth, supra,* 17 Cal.3d 330, our Supreme Court considered the enhancement of punishment provisions of Penal Code section 12022.5 (use of a firearm) in the context of Penal Code section 654. There a defendant had used a firearm in the commission of crimes against several victims. While the multiplicity of victims normally permits punishment for the crime against each despite section 654, the *Culbreth* court held that because of the indivisibility of "occasion," "objective," "intent," and "transaction," section 12022.5 could be used only once. (17 Cal.3d at p. 335.) In so doing, it applied section 654 with a much broader sweep to the provision enhancing penalty than it did to execution of the base sentences for the crimes of which the defendant was found guilty. The high court reasoned that the deterrent purpose of the enhancement of sentence provision was achieved if it was applied once to a course of action. (17 Cal.3d at p. 334.)

Here, while defendant's conduct involved the multiple objectives of rape, oral copulation, and robbery, all occurred in a single course of action in one indivisible transaction on one indivisible occasion. *Culbreth* thus mandates that the enhancement provisions of Penal Code section 12022 be applied only once.

### Disposition

The judgment is modified to add that defendant shall serve only one additional period of imprisonment pursuant to Penal Code section 12022. The judgment is affirmed as modified.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied February 25, 1977, and respondent's petition for a hearing by the Supreme Court was denied March 31, 1977. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.