[Crim. No. 10602. Third Dist. May 19, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID SCOTT WALLING, Defendant and Appellant.

#### COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark L. Christiansen, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

#### OPINION

**PUGLIA, P. J.**—Defendant pleaded guilty in superior court to a charge of escape from a county jail facility without force or violence (Pen. Code, § 4532, subd. (a)). On August 10, 1979, he was committed to the California Youth Authority (CYA) pursuant to Welfare and Institutions Code section 1731.5. The commitment purported to be "for a period of four months...consecutive with" a preexisting commitment. On August 21, 1979, the court "set aside" its commitment of August 10 and again committed defendant to the CYA for "the term prescribed by law." The written order of commitment, however, recites that the commitment is for "a period of one (1) year and One (1) day consecutive with" the preexisting commitment.

Defendant appeals, contending that the superior court was without jurisdiction to "resentence" him once the four-month "sentence" had been entered in the minutes and executed. We reject the contention. We shall order the written commitment modified to eliminate reference to

any specific "term" as set by the trial court and, as so modified, we shall affirm the judgment.

■ A sentence not authorized by law may be corrected whenever the error comes to the attention of the trial court or a reviewing court. (*People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289].) ■ Defendant makes the argument that the original four-month "sentence" to CYA is authorized because an alternative punishment to incarceration in state prison prescribed by Penal Code section 4532, subdivision (a), is imprisonment in the county jail "not exceeding one year."

The only limitation on the duration of Youth Authority confinement in the present circumstances is the "maximum period of imprisonment which *could* be imposed upon an adult" convicted of the same offense. (Italics added; Welf. & Inst. Code, § 1766, subd. (b); see *In re John W.* (1978) 81 Cal.App.3d 994, 996-997 [146 Cal.Rptr. 826].) Moreover, it is indisputable from the record of the August 10 sentencing proceedings that the trial court intended the length of defendant's potential period of confinement to be measured by the felony rather than the misdemeanor term. The felony term of imprisonment under Penal Code section 4532, subdivision (a), is indeterminate. (Pen. Code, § 1168, subd. (b).)

The maximum term prescribed by law which could be imposed upon an adult convicted of violation of Penal Code section 4532, subdivision (a), without force or violence is one year and one day in state prison to be served consecutively. This term then provides the maximum measure of physical confinement to which a youthful offender similarly situated may be subjected. Within that limitation, the time actually to be served is determined by the Youthful Offender Parole Board (Welf. & Inst. Code, § 1766).

■ The rules of court provide that when the defendant is convicted of a crime "for which sentence could be imposed under [Pen. Code] section 1170" and the court commits the defendant under Welfare and Institutions Code section 1731.5, the court must specify the term which would have been imposed by Penal Code sections 1170 and 1170.1. (Cal. Rules of Court, rule 453(a).) The sentence imposed for an indeterminate sentence crime, however, does not fall under Penal Code section 1170. Thus, by the absence of direction therein, rule 453(a) im-

plies that when the superior court commits a defendant to CYA for a crime for which a sentence cannot be imposed under Penal Code section 1170, the court may not specify the applicable term of imprisonment imposed had defendant been sentenced to state prison. This implication follows consistently from Penal Code section 1168, subdivision (b), which prohibits the trial court from fixing the term of imprisonment where a defendant is sentenced to state prison for an indeterminate term.

We conclude that in commitments to CYA under Welfare and Institutions Code section 1731.5, the superior court does not specify the maximum period of physical confinement when the commitment offense carries an indeterminate sentence. (Pen. Code, § 1168, subd. (b); Welf. & Inst. Code, § 1766, subd. (b); rule 453(a), Cal. Rules of Court.) █ Accordingly, the August 10 commitment purporting to be for "a period of four months" was unauthorized and subject to correction at any time on the trial court's own motion (*People* v. *Serrato, supra,* 9 Cal.3d at p. 763).

The August 21st written order of commitment expressly purports to be for "a period of one year and one day...." It should be modified to delete reference to the specific term and to add in place thereof "the term prescribed by law." The trial court is directed to prepare and furnish to the Director of the Youth Authority an order of commitment so modified.

As modified, the judgment is affirmed.

Evans, J., and DeCristoforo, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.