[Crim. No. 13889. Third Dist. Jan. 7, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ROBERT THURS, Defendant and Appellant.

COUNSEL

Clifford Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BLEASE, Acting P. J.**—After a jury trial, defendant was convicted of two counts of robbery (Pen. Code, §§ 211, 213.5) and one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)) incident to a single course of conduct. The jury also found true allegations that defendant personally used a deadly weapon in the commission of the robbery offenses. (Pen. Code, § 12022, subd. (b).) The sole issue tendered is whether consecutive sentences were correctly imposed for the convictions. We will affirm the judgment.

### FACTS

On the evening of January 17, 1984, defendant and his accomplice, Frank Foster, surreptitiously entered the home of Mr. and Mrs. Davis. Each was armed with a bayonet knife. They seized the Davis' nine-month-old daughter, who lay asleep in her bedroom. Foster held his bayonet to the baby's throat and both men confronted Mr. and Mrs. Davis. Foster threatened to

behead the baby if the Davises did not comply with their demands for money, jewelry and drugs. They ransacked the house, taking money and jewelry. During the course of this conduct a bayonet was held to Mrs. Davis' throat and to Mr. Davis' throat.

Defendant was convicted of robbing Mr. and Mrs. Davis (counts I and II) and of assaulting their daughter with a deadly weapon (count III). He was sentenced to the upper term of six years on count I together with a one-year enhancement for personal use of a deadly weapon (Pen. Code, § 12022, subd. (b)). Subordinate term sentences were imposed on counts II and III. Defendant received a total unstayed term of nine years and four months. This appeal followed.

## DISCUSSION

■ The defendant challenges the consecutive sentences imposed for the robberies (counts I and II). The trial court gave as its reason for doing so that "[t]he offense in Count Two involved a victim, which victim was different than the victim in the Count I."[1] ■ ■■■■ Defendant contends that this reference to different victims misapplies California Rules of Court, rule 425(a), particularly subdivision (a)(2).[2] We disagree.

The reason given is adequate to invoke the provisions of rule 425(a)(2) which authorizes the imposition of consecutive sentences if "[t]he crimes involved separate acts of violence or threats of violence." There is no dispute that the acts of robbery involved acts of violence. The issue is whether they were separate.

■ As a predicate to our discussion we note that Penal Code section 654 "generally proscribes imposing double punishment for one course of conduct. The possibility of imposing consecutive sentences may be addressed only after a sentencing judge has determined that a sentence on each of the

---

[1]Defendant also challenges the consecutive sentence imposed for count III. It was made consecutive because "[t]he victim . . . was a minor, extremely, totally vulnerable and *was a different victim* than the victim in Count One and the victim in Count Two." Defendant challenges this latter ground of sentencing. It fails for the reasons advanced in the opinion. Defendant concedes that the remaining reason, the vulnerability of the victim, is a proper ground of sentencing. We agree. (See Cal. Rules of Court, rules 425(b) and 421(a)(3).)

[2]It is conceded that the multiple-victim factor of rule 425(a)(4) ("Any of the crimes involved multiple victims") does not apply. We agree. As this court said in *People v. Humphrey* (1982) 138 Cal.App.3d 881 [188 Cal.Rptr. 473], rule 425(a)(4) "applies only to a situation where a defendant is convicted of two or more counts or crimes and at least one of those counts involves multiple victims." (*Id.,* at pp. 882-883; accord *People v. Levitt* (1984) 156 Cal.App.3d 500, 517 [203 Cal.Rptr. 276]; *People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1028 [184 Cal.Rptr. 483].) Here no count involved more than one victim.

convictions would be legal." (Advisory Com. com. to Cal. Rules of Court, rule 425, West's Ann. Civil & Criminal Court Rules (1981 ed.) p. 684.) ■ However, Penal Code section 654 does not proscribe consecutive sentences for the robberies. "As a general rule, even though a defendant entertains but a single principal objective during an indivisible course of conduct, he may be convicted and punished for each crime of violence committed against a different victim." (*People* v. *Ramos* (1982) 30 Cal.3d 553, 587 [180 Cal.Rptr. 266, 639 P.2d 908], reversed on other grounds, 463 U.S. 992 [77 L.Ed.2d 1171, 103 S.Ct. 3446].) ■ "[T]he central element of the crime of robbery [is] the force or fear applied to the individual victim in order to deprive him of his property. Accordingly, if force or fear is applied to two victims in joint possession of property, two convictions of robbery are proper." (*Id.,* at p. 589; fn. omitted.)

■ At this point rule 425(a)(2) governs the consecutive sentencing in this case. Notwithstanding the measure of Penal Code section 654, rule 425(a)(2) restricts consecutive sentencing to cases in which there are "separate acts of violence." This serves to distinguish cases in which a single act of violence was the force or fear applied to multiple victims of (say) a robbery. The defendant, however, asks us to measure separateness by bracketing the total course of conduct so as to measure it by its singular time, place or objective, here the objective of money, valuables and narcotics. He relies on *People* v. *Alvarado, supra,* 133 Cal.App.3d at p. 1028, which suggested, on facts similar to those here, that acts of robbery on several victims were not separate because they were linked as part of a single episode. We disagree. Rule 425(a)(2) specifies as the measure of separateness "acts of violence." When there are several victims, an act of violence is separate when it exposes one of the victims to a risk of injury that is not shared by the others. If the acts of violence are separate, it matters not that each was accomplished in pursuit of a single objective. (See *People* v. *Levitt, supra,* 156 Cal.App.3d at p. 518; "each homicide [was] attributable to a separate identifiable act" of "firing [the gun]" into the body of the victim.)

■ Defendant's argument implies that consecutive sentencing is justified only when the acts of violence occur at different times or locations but not when they occur during a single course of conduct. But if independent objectives were the relevant factor, then rule 425(a)(1) ("The crimes and their objectives were predominantly independent of each other") would apply. (See *People* v. *Weaver* (1984) 151 Cal.App.3d 592, 596-597 [199 Cal.Rptr. 13].) If different times or separate places were the relevant measure then rule 425(a)(3) ("The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior") would apply. (See *People* v. *Savala* (1983) 147 Cal.App.3d 63, 71 [195 Cal.Rptr. 193].) Thus, if the

"separate acts" contemplated by rule 425(a)(2) are separate as to time, place, or objective, subdivision (a)(2) would have no independent meaning, as those measures of separateness are taken into account under subdivisions (a)(1) and (a)(3).

Defendant contends that *Levitt, supra,* 156 Cal.App.3d 500, has been overruled sub silentio by *People* v. *Avalos* (1984) 37 Cal.3d 216 [207 Cal.Rptr. 549, 689 P.2d 121]. We think not. In *Avalos,* the defendant was convicted of one count of second degree murder and two counts of assault with a deadly weapon resulting from the repeated shooting of a handgun into a crowd. The sentencing court ordered two terms imposed on the assaults to run consecutively to the term of imprisonment for the murder. Defendant contended that the court violated the dual use of facts proscription (Pen. Code, § 1170, subd. (b)) because it considered the involvement of multiple victims a justification for both the aggravated and consecutive terms. The Supreme Court agreed: "It seems that the court was mistaken when it found that this offense involved separate acts of violence; defendant's act was directed against more than one victim, but involved a single shooting spree on a single occasion." (*Avalos, supra,* at p. 233.) There was but one "act" of violence. By contrast, in *Levitt* each victim was shot at close distance in adjoining offices of a building.

Here the acts of violence used in the imposition of force and fear upon Mr. and Mrs. Davis in the commission of the robberies were separate. A bayonet was separately held against each of the (noncollective) throats of Mr. and Mrs. Davis subjecting each to the risk of being slit.

The judgment is affirmed.

Sparks, J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 24, 1986. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.