[No. B090993. Second Dist., Div. Five. Mar. 7, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
TRACEY MILES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. A. through D. and the heading of part II. E.

COUNSEL

William Flenniken, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka, Sanjay T. Kumar and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

___

OPINION

TURNER, P. J.—

## I. INTRODUCTION

Defendant, Tracey Miles, who stands convicted of nine felonies, appeals from his conviction, after a jury trial, of two counts of robbery committed on a single occasion. (Pen. Code, § 211.)[1] As to count 1, defendant received an indeterminate sentence of 36 years to life. This sentence consisted of: a term of 25 years to life imposed pursuant to section 667, subdivision (e)(2)(A)(ii); 10 years as a result of the findings he had been convicted of serious felonies on 2 occasions as required by section 667, subdivision (a)(1); and 1 additional year pursuant to section 12022, subdivision (a)(1) because a principal in the robberies used a firearm although defendant was not personally armed. Further, as to count 2, defendant received a consecutive determinate term of one year, four months. He raises various contentions concerning his sentence which we address in the unpublished portion of this opinion. In the published portion of this opinion, we address the Attorney General's argument the trial court pronounced a legally unauthorized sentence which may be corrected for the first time on appeal. We conclude when a defendant with two prior serious felony convictions commits two robberies on a single occasion as occurred in this case, two consecutive indeterminate twenty-five-year-to-life sentences must be imposed, putting aside the issue of enhancements. We modify the judgment to so provide. Also, we modify the judgment to reflect one additional day of presentence custody credit and affirm as modified.

Defendant was convicted of two counts of robbery of a Taco Bell restaurant. A semiautomatic gun was used by one of his two coperpetrators. While the gun was not loaded at the time police officers recovered it, there was no

___

[1] All future statutory references are to the Penal Code.

direct evidence the firearm did not contain ammunition at the time of the robbery. The gun was pointed at a Taco Bell employee at close range. Further, the jury found defendant had experienced seven prior felony convictions. He had been convicted of: robbery on June 4, 1985, and sentenced to prison; three counts of robbery on June 27, 1985, for which he was sentenced to prison; and receiving stolen property (§ 496, subd. (a)), second degree burglary of a vehicle (§ 459), and attempted grand theft of a vehicle (§§ 664, 487h, subd. (a)) on October 23, 1990, for which he was again sentenced to prison. Defendant committed his first known offense when he was 19 years old. He was 28 years of age when he committed the present offense. Defendant was on parole when he committed the present offense. In addition, defendant: was a "hardcore" member of the Insane Crips gang; had been unemployed for nearly five years when he committed the present offense; his primary source of income was criminal activity; was a high school dropout; showed no remorse; and presented a serious, ongoing threat to public safety. He further has failed to provide support for the two children he fathered. The probation officer described defendant as a " 'career criminal.' " Additionally, the probation officer found two factors in aggravation, defendant's record and the planning present in the robbery. The probation officer could not identify any mitigating factors.

## II. Discussion*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

As to count 1, defendant received a sentence of 36 years to life. As to count 2, the court imposed a one-year, four-month sentence. The count 2 sentence consisted of one-third the three-year mid-term plus one-third of the section 12022, subdivision (a)(1) enhancement. The Attorney General argues that the trial court should have imposed a 25-year-to-life sentence plus a 1-year enhancement pursuant to section 12022, subdivision (a)(1) as to count 2. ■ It is well established that a legally unauthorized sentence can be corrected at any time including on direct appeal upon request of the prosecution even though the issue was never raised in the trial court and the result is the defendant serves a longer prison term. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People* v. *Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *People* v. *Karaman* (1992) 4 Cal.4th 335, 345-346, fn. 11, 349, fn. 15 [14 Cal.Rptr.2d 801, 842 P.2d 100]; *In re Ricky H.* (1981) 30 Cal.3d 176, 190-191 [178 Cal.Rptr. 324, 636 P.2d 13]; *People* v. *Davis* (1981) 29 Cal.3d 814, 827 & fn. 5 [176 Cal.Rptr. 521, 633 P.2d 186]; *People* v. *Serrato* (1973) 9 Cal.3d 753, 763-765 [109 Cal.Rptr. 65, 512 P.2d 289], disapproved on another point

---

*See footnote, *ante*, page 364.

in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144]; *In re Sandel* (1966) 64 Cal.2d 412, 414-418 [50 Cal.Rptr. 462, 412 P.2d 806].) ■ The Attorney General argues that the trial court pronounced a legally unauthorized sentence as to count 2. As noted previously, the trial court imposed a one-year, four-month sentence as to count 2. We agree this was a legally unauthorized sentence.

Section 667 subdivision (e) provides in pertinent part: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] . . . [¶] (2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions. [¶] (ii) Imprisonment in the state prison for 25 years. [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046." Putting aside the issue of enhancements, the greatest determinate term that can be applied to a defendant as a result of the count 2 robbery sentence is five years. (§ 213, subd. (a)(2).) However, when a defendant has two prior serious felony convictions, the greatest term that can be imposed is twenty-five years to life pursuant to section 667, subdivision (e)(2)(A)(ii) putting aside the issue of enhancements.[4] In this case, absent a constitutional bar, the trial court had no jurisdiction other than to have imposed a 25-year-to-life sentence as to count 2, putting aside the issue of the enhancement.

The Attorney General argues that the sentences must run consecutively. We agree with the Attorney General that consecutive sentencing is mandated

[4]As noted in the body of this opinion, there are three possible sentencing options set forth in section 667, subdivision (e)(2)(A) when a defendant has previously sustained two prior serious or violent felony convictions. The first and third options (§ 667, subd. (e)(2)(A)(i) & (iii)) do not apply under the facts of this case. The first option set forth in section 667, subdivision (e)(2)(A)(i) is to triple the "punishment for each current felony conviction subsequent to the two or more prior felony convictions." After the punishment is tripled, it serves as the minimum period of incarceration of the indeterminate life term. In this case, disregarding for purposes of discussion the enhancement, this would result in an indeterminate sentence of 15 years to life. The third sentencing option available to judges when the accused has experienced two prior serious or violent felony convictions is to impose an indeterminate life sentence with the minimum term being the determinate term plus any enhancements. (§ 667, subd. (e)(2)(A)(iii).) Under this third option, the result would be an indeterminate term of six years to life. Since section 667, subdivision (e)(2)(A) requires the greatest of the three options be given to the defendant, the twenty-five-year-to-life sentence is the sentence choice that must be imposed as to count 2. (§ 667, subd. (e)(2)(A)(ii).)

by section 667, subdivision (e)(2)(B). Although we have adverted to section 667, subdivision (e)(2) earlier in this opinion, for purposes of clarity, we fully set forth the pertinent language that requires consecutive sentencing. Section 667, subdivision (e) states: "(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions. [¶] (ii) Imprisonment in the state prison for 25 years. [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046. [¶] (B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison." As can be clearly discerned, section 667, subdivision (e)(2)(B) is explicit—when an indeterminate life term is imposed pursuant to section 667, subdivision (e)(2)(A)(ii), if a "consecutive term may be imposed," the sentences must run consecutively. In the present case, the recidivist statute at issue notwithstanding, consecutive sentencing would have been lawful because there were two robbery victims. (*People* v. *Ramos* (1982) 30 Cal.3d 553, 589 [180 Cal.Rptr. 266, 639 P.2d 908], revd. on other grounds, *California* v. *Ramos* (1983) 463 U.S. 992 [77 L.Ed.2d 1171, 103 S.Ct. 3446]; *People* v. *Williams* (1992) 9 Cal.App.4th 1465, 1472-1474 [12 Cal.Rptr.2d 243]; *People* v. *Walker* (1986) 185 Cal.App.3d 155, 168 [229 Cal.Rptr. 591]; *People* v. *Thurs* (1986) 176 Cal.App.3d 448, 451-452 [222 Cal.Rptr. 61]; *People* v. *Childs* (1980) 112 Cal.App.3d 374, 382-383 [169 Cal.Rptr. 183], disapproved on other points in *People* v. *Hernandez* (1981) 30 Cal.3d 462, 468, fn. 6 [179 Cal.Rptr. 239, 637 P.2d 706], and *People* v. *Ramos, supra,* 30 Cal.3d at p. 589, fn. 16.)[5] As a result, the sentences as to counts 1 and 2 must run consecutively. The sentence as to count 2, 26 years to life, shall

[5]Defendant relies on *People* v. *Guerin* (1972) 22 Cal.App.3d 775, 779-783 [99 Cal.Rptr. 573], for the proposition he could not be punished for robbery of two victims because while one victim was in actual possession of the cash, the other victim was only in constructive possession of the cash. Defendant's argument is premised on an inaccurate description of the facts in this case. Moreover, the reliance on *Guerin* is misplaced. *Guerin* was overruled in *People* v. *Ramos, supra,* 30 Cal.3d at page 589, footnote 16. *Ramos* held *Guerin* incorrectly read the robbery statute as requiring multiple takings to sustain multiple convictions; instead, *Ramos* held, two convictions of robbery are proper if force or fear was applied to two victims in joint possession of property. (*People* v. *Ramos, supra,* 30 Cal.3d at p. 589.) In the present

commence to run at the time defendant would otherwise have been released from prison as to count 1.[6] (§ 677, subd. (e)(2)(B).)

---

case, two Taco Bell employees were held at gunpoint while money was removed from the cash registers. Section 654 does not prohibit multiple punishment for two counts of robbery when, as here, property was removed from the joint possession and immediate presence of two victims by force or fear. (30 Cal.3d at p. 589.)

Defendant also relies on subdivision (c)(6) and (7) of section 667 in arguing consecutive sentences cannot be imposed for the current offenses. Those subdivisions apply to current convictions "not committed on the same occasion, and not arising from the same set of operative facts." (§ 667, subd. (c)(6).) There is a lack of clarity as to the scope of the application of section 667, subdivision (c)(6) and (7). However, section 667, subdivision (e)(2)(B) is the controlling sentencing provision in the present case. Moreover, under subdivision (e)(2)(B) of section 667, consecutive sentences are mandatory.

[6]Defendant was convicted of two counts of robbery occurring on a single occasion involving two victims where a principal was found to have used a firearm within the meaning of section 12022, subdivision (a)(1). Two separate firearm use by a principal findings were returned. At one time, it would have been impermissible for a court to impose sentences for both of the one-year terms for the section 12022, subdivision (a)(1) findings. In the decision of In re Culbreth (1976) 17 Cal.3d 330, 333-334 [130 Cal.Rptr. 719, 551 P.2d 23], overruled in People v. King (1993) 5 Cal.4th 59, 79 [19 Cal.Rptr.2d 233, 851 P.2d 27], the California Supreme Court held that only a single section 12022.5 enhancement may be imposed for use of a firearm on a single occasion against multiple victims. The Courts of Appeal applied that rule to armed allegations pursuant to the various versions of section 12022. (People v. Nguyen (1988) 204 Cal.App.3d 181, 194 [251 Cal.Rptr. 40]; People v. Jordan (1984) 155 Cal.App.3d 769, 786 [203 Cal.Rptr. 172]; People v. Freeman (1979) 95 Cal.App.3d 917, 924-925 [157 Cal.Rptr. 454]; People v. Robinson (1977) 66 Cal.App.3d 624, 629-630 [136 Cal.Rptr. 127].) In an opinion filed May 17, 1993, our Supreme Court reconsidered Culbreth and held that multiple sentencing for personal firearm use on a single occasion was permissible. (People v. King, supra, 5 Cal.4th at p. 79.) However, in order to avoid due process concerns (Bouie v. City of Columbia (1964) 378 U.S. 347, 354 [12 L.Ed.2d 894, 900, 84 S.Ct. 1697]; People v. Escobar (1992) 3 Cal.4th 740, 752 [12 Cal.Rptr.2d 586, 837 P.2d 1100]), King was not to be applied retroactively. (People v. King, supra, 5 Cal.4th at pp. 79-81; accord, People v. Davis (1994) 7 Cal.4th 797, 812 [30 Cal.Rptr.2d 50, 872 P.2d 591].) The constitutional bar against retroactive application of King is inapplicable to the present case. The robberies in this case occurred on May 22, 1994, more than one year after King was decided. Hence, King is the controlling authority and defendant is properly subject to multiple punishment for a principal's firearm use during robberies occurring on a single occasion. Further, the full one-year term must be imposed. Section 1170.1, subdivision (a), insofar as it allows for the imposition of one-third of a statutory term as an enhancement in the case of a violent felony (§ 667.5, subd. (c)) is inapplicable. Among other reasons, this is because defendant has not been sentenced to one of three potential determinate terms pursuant to sections 1168, subdivision (a) and 1170, subdivision (a)(3). Rather, because indeterminate sentencing has occurred pursuant to sections 667, subdivision (e)(2)(A)(ii) and 1168, subdivision (b), there may be no reduction to one-third of the section 12022, subdivision (a)(1) enhancement as would occur if a determinate term had been imposed. (People v. Jackson (1993) 14 Cal.App.4th 1818, 1833 [18 Cal.Rptr.2d 586]; People v. Reyes (1989) 212 Cal.App.3d 852, 856 [260 Cal.Rptr. 846]; People v. Boney (1982) 136 Cal.App.3d 744, 748 [186 Cal.Rptr. 511]; People v. Day (1981) 117 Cal.App.3d 932, 936-937 [173 Cal.Rptr. 9]; People v. Walling (1980) 105 Cal.App.3d 893, 896 [164 Cal.Rptr. 681]; People v. Veasey (1979) 98 Cal.App.3d 779, 788 [159 Cal.Rptr. 755].)

## III. Disposition

The judgment is modified to reflect 263 days of actual custody credit, and a total of 373 days of presentence custody credit. The sentence as to count 2 is ordered modified to 26 years to life. The sentence as to count 1 is ordered to run consecutively to count 2. The judgment as modified is affirmed. The court is directed to prepare and deliver a corrected abstract of judgment to the Department of Corrections.

Grignon, J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 22, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.