[No. C043228. Third Dist. Sept. 15, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
VERNON SHAW III, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*The Reporter of Decisions is directed to publish the opinion except for the Facts and parts I.–III. and V.–VI. of the Discussion.

454

## COUNSEL

Deanna F. Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Matthew L. Cate, Julie A. Hokans and John A. Thawley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BLEASE, Acting P. J.**—Defendant Vernon Shaw III appeals from the judgment of conviction of two counts of attempted murder (Pen. Code, §§ 664, 187, subd. (a); counts 1, 2),[1] three counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 4, 5, 7), three counts of discharging a firearm from a vehicle (§ 12034, subd. (c); counts 9, 10, 11), and related firearm enhancements (§§ 12022.53, subd. (d), 12022.55, 12022.5, subd. (a)(1)).[2] The offenses arose out of a drive-by shooting of seven individuals for which defendant, who was the actual shooter, received a prison sentence of 98 years to life.

On appeal he contends the trial court erred by failing to give a special accomplice instruction, giving CALJIC No. 2.03 relating to false statements, allowing the use of a demonstration firearm for illustrative purposes, not requiring jury findings on the objectives of the offenses, staying rather than striking a firearm use enhancement, and failing to award presentence conduct credits.

With the exception of defendant's last claim, we find no error. As to his last claim, we find the trial court erred when it failed to grant presentence conduct credits without providing him with notice and an opportunity to be heard. Because defendant was convicted of multiple violent felonies within the meaning of section 667.5, section 2933.1 limits the amount of conduct credits he may accrue to no more than 15 percent of his presentence custodial credits. We shall therefore order that the abstract of judgment be modified to reflect an award of 87 days of credits under section 2933.1.

In the published portion of the opinion we consider defendant's claim the recent case of *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 412, 124 S.Ct. 2531] (*Blakely*) precludes the imposition of consecutive

---

[1] All further section references are to the Penal Code unless otherwise specified.

[2] Defendant was tried initially by a jury that was unable to reach any verdicts as to him and a mistrial was declared.

unstayed sentences because the trial court determined that the offenses involved different objectives and different victims. We disagree.

The information charged separate assaults for each victim, and each verdict returned by the jury found that defendant committed an assault against a different named individual. Because the imposition of consecutive sentences was based upon the jury's verdicts rather than the court's independent findings of fact, defendant's sentence does not run afoul of *Blakely*.

In all other respects we shall affirm the judgment and sentence.

FACTS

I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.

Penal Code section 654 and *Blakely*

Defendant contends imposition of consecutive unstayed sentences violated the rule announced in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*) and the recently decided *Blakely, supra*, 542 U.S. 296 [159 L.Ed.2d 403]. Citing the concurring opinion in *People v. Cleveland* (2001) 87 Cal.App.4th 263, 272–282 [104 Cal.Rptr.2d 641], he argues that under *Apprendi*, the factual determination required by section 654 that the offenses involved multiple objectives, must be made by the jury, not the trial court. In a supplemental brief, he contends the decision to impose consecutive sentences violated *Blakely* because that decision rests on findings of fact beyond those necessarily found by the jury's verdict.

Relying on the majority opinion in *People v. Cleveland,* 87 Cal.App.4th 263 [104 Cal.Rptr.2d 641], respondent contends the section 654 claim has no merit because *Apprendi* only applies to penalty enhancing statutes and section 654 is a penalty reducing statute. Respondent also contends, citing *People v. Sykes* (2004) 120 Cal.App.4th 1331 [16 Cal.Rptr.3d 317], that *Blakely* does not apply to the imposition of consecutive sentences.[9]

---

*See footnote, *ante*, page 453.

[9] Respondent contends defendant waived his *Apprendi/Blakely* claim as it relates to consecutive sentences by failing to raise it in the trial court. Because this issue raises a question of constitutional law that we may resolve from the record before us, we shall exercise our discretion and consider the merits of the claim. (*People v. Marchand* (2002) 98 Cal.App.4th 1056, 1061 [120 Cal.Rptr.2d 687].)

Imposition of consecutive terms of imprisonment results in a longer total sentence than concurrently imposed terms of imprisonment, and the decision to impose consecutive terms may under some circumstances require findings of fact not found by the jury. Nevertheless, we need not address the broad issues tendered by the parties because those circumstances are not here present. We hold that imposition of consecutive sentences does not violate the proscription of *Apprendi* and *Blakely* where the basis for that sentencing choice is supported by the express findings in the jury's verdicts.

In *Apprendi, supra,* 530 U.S. 466, the defendant fired a gun into the home of an African-American family and was charged with possession of a firearm for an unlawful purpose, which carried a five-to-10-year sentence. After the defendant pled guilty, the prosecutor moved to enhance the sentence under the New Jersey hate crime statute, which provided for an extended term of imprisonment for 10 to 20 years if the trial court found by a preponderance of the evidence the defendant " 'acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.' " (*Id.* at pp. 468–469.) After an evidentiary hearing, the court found the shooting was racially motivated and sentenced the defendant to 12 years' imprisonment. (*Id.* at pp. 469–471.)

The United States Supreme Court reversed the sentence, holding that the procedure used to enhance the sentence violated the due process clause of the Fourteenth Amendment. The rule articulated by the court requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra,* 530 U.S. at p. 490; italics added.)

Most recently, the Supreme Court applied the rule of *Apprendi* to invalidate a state court sentence where the defendant pled guilty to kidnapping his estranged wife. (*Blakely, supra,* 542 U.S. at p. ___ [159 L.Ed.2d at p. 412].) Although the facts admitted in the plea supported a maximum sentence of 53 months, the trial court imposed a 90-month sentence after finding the defendant had acted with "deliberate cruelty," a statutory ground for imposing a longer sentence. The high court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (*Id.* at p. ___ [159 L.Ed.2d at p. 413].) The majority concluded that because the sentence was three years beyond what state law authorized for the crime to which the defendant pled guilty, it violated the defendant's right to a jury trial on the disputed facts.

■ With these principles in mind, we examine California's sentencing scheme for imposing consecutive sentences. Section 669 grants the trial court broad discretion to impose consecutive sentences when a person is convicted of two or more crimes. (§ 1170.1, subd. (a); *In re Hoddinott* (1996) 12 Cal.4th 992, 1000 [50 Cal.Rptr.2d 706, 911 P.2d 1381]; *People v. Scott* (1994) 9 Cal.4th 331, 349 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People v. Neal* (1993) 19 Cal.App.4th 1114, 1117 [24 Cal.Rptr.2d 129].) The sentencing rules specify several criteria to guide the trial court's determination whether to impose consecutive or concurrent terms. Pertinent to this case is the fact the "crimes involved separate acts of violence . . . ." (Cal. Rules of Court, rule 4.425(a)(2) (hereafter rule 4.425).)[10] Under this criterion, the court may impose consecutive sentences for separate acts of violence against multiple victims. (*People v. Champion* (1995) 9 Cal.4th 879, 934 [39 Cal.Rptr.2d 547, 891 P.2d 93]; *People v. Thurs* (1986) 176 Cal.App.3d 448, 452–453 [222 Cal.Rptr. 61].)

■ Operating in tandem under similar criteria but in reverse fashion from rule 4.425, section 654, subdivision (a) prohibits multiple punishment for a single act or indivisible course of conduct that is punishable under more than one criminal statute.[11] "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]; *People v. Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].) However, this prohibition against multiple punishment is inapplicable " 'where . . . one act has two

---

[10] Rule 4.425 provides in full as follows: "Criteria affecting the decision to impose consecutive rather than concurrent sentences include:

"(a) Facts relating to the crimes, including whether or not:

"(1) The crimes and their objectives were predominantly independent of each other.

"(2) The crimes involved separate acts of violence or threats of violence.

"(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.

"(b) Any circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences, except (i) a fact used to impose the upper term, (ii) a fact used to otherwise enhance the defendant's prison sentence, and (iii) a fact that is an element of the crime shall not be used to impose consecutive sentences."

[11] Section 654, subdivision (a) provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

results each of which is an act of violence against the person of a separate individual.' " (*Neal v. State of California, supra,* 55 Cal.2d at pp. 20–21, quoting *People v. Brannon* (1924) 70 Cal.App. 225, 235–236 [233 P. 88]; *People v. Deloza* (1998) 18 Cal.4th 585, 592 [76 Cal.Rptr.2d 255, 957 P.2d 945].)

■ Thus, the court may impose consecutive terms of imprisonment where the criminal act is an act of violence against separate individuals and rule 4.425 and section 654 do not prohibit multiple punishment under that circumstance. That is the operative circumstance in this case. The court imposed consecutive sentences on counts 1 (Darwin Brown), 2 (Clayton Brown), 4 (David Brown III), 5 (David Brown, Jr.), 7 (Carnell Burse), and 10 (Calvin Davis) because they involved acts of violence against separate victims, and stayed the sentences on counts 8 and 9 because those two counts involved the same victims (Darwin and Clayton) and the same operative facts as did counts 1 and 2.

Nor was the court's decision to impose consecutive terms of imprisonment barred by *Apprendi* or *Blakely* because the fact supporting its decision was found by the jury. The information charged separate assaults for each victim and each verdict returned by the jury found that defendant committed an assault against a different named individual. Therefore, because imposition of consecutive sentences on counts 1, 2, 4, 7, and 10 was based upon the jury's verdicts rather than the court's independent findings of fact, defendant's sentence does not run afoul of *Apprendi* and *Blakely.* We therefore reject his claim of error.

V.–VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 453.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting receipt of 87 days of conduct credits and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections. As modified, we affirm the judgment of conviction.

Raye, J., and Morrison, J., concurred.

On October 7, 2004, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 15, 2004.