Filed 1/18/24  P. v. Zapien CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085602 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F22901542) |
| JOEY ANGEL ZAPIEN, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Peña, J. and Smith, J.

Defendant Joey Angel Zapien contends on appeal that his sentence must be vacated and the case remanded for resentencing because the trial court incorrectly applied Penal Code section 667.6, subdivision (d)[1] because both of his offenses occurred at the same time and defendant did not have time to reflect between the commission of the two offenses.

In his supplemental brief, defendant further contends that his sentence must be reversed and remanded because the trial court incorrectly applied section 667.6, subdivision (d) because his conviction on count 1 was for an offense not enumerated in the list of offenses to which that section's consecutive sentencing mandate applies and the court was accordingly unaware of its discretion as to whether to impose concurrent or consecutive sentences.

The People agree that the court erred by ordering consecutive sentences pursuant to section 667.6, subdivision (d) because count 1 was not enumerated under that section as an offense to which its consecutive sentencing mandate applies.

We vacate defendant's sentence and remand for resentencing. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On October 21, 2022, the Fresno County District Attorney filed a second amended information charging defendant with sexual penetration with a child under 10 (§ 288.7, subd. (b); count 1); and continuous sexual abuse of a child (§ 288.5, subd. (a); count 2). The district attorney further alleged the following circumstances in aggravation: (1) the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)) and (2) defendant took advantage of a position of trust (Cal. Rules of Court, rule 4.421(a)(11)).

On the same day, defendant pleaded not guilty.

---

[1] All statutory references are to the Penal Code.

2.

On October 25, 2022, the jury found defendant guilty on both counts and found the aggravating circumstances to be true.

On January 9, 2023, the trial court sentenced defendant to a total of 31 years to life, as follows:  on count 2, 16 years (the upper term); and on count 1, 15 years to life (consecutive).

On January 18, 2023, defendant filed a timely notice of appeal.

## FACTUAL SUMMARY[2]

Defendant was in a relationship with G.R.'s aunt, Monica.  When G.R. was six years old, defendant began touching her vagina both over and under her clothes.  On approximately three occasions, defendant put her on his lap and rubbed her buttocks on his penis through their clothing.  When she was eight years old, he put his finger in her vagina.  He told her that if she told anyone, he would hurt her family.  The touching occurred approximately 10 times.  The last incident happened when G.R. was in fifth grade.  G.R. realized the touching was wrong when she was 11 years old.

## DISCUSSION[3]

Defendant contends in his supplemental brief that his sentence must be reversed and remanded because the trial court incorrectly assumed consecutive sentences were mandated under section 667.6, subdivision (d).  He argues that count 1 (§ 288.7) is not a qualifying offense enumerated in section 667.6, subdivision (e), and thus, section 667.6, subdivision (d)'s consecutive sentencing mandate is inapplicable.  The People agree, as do we.

---

**2**    As explained below, we need only address the issue of whether count 1 was an offense for which mandatory consecutive sentencing was required pursuant to section 667.6, subdivision (d).  Accordingly, the underlying facts are not relevant on appeal.

**3**    For organizational purposes, we first address the issue raised in defendant's supplemental brief regarding whether count 1 was an offense for which mandatory consecutive sentencing was required pursuant to section 667.6, subdivision (d).

### A. Background

Defendant was convicted of violating sections 288.7, subdivision (b) (count 1) and 288.5, subdivision (a) (count 2).

During the sentencing hearing, defense counsel suggested the trial court had discretion to sentence defendant to concurrent terms if it chose to sentence defendant under a combination of section 288.5, subdivision (a) (count 2) and section 288, subdivision (a) as a lesser included offense of section 288.7, subdivision (b) (count 1).

The prosecution opposed this suggestion and urged the trial court to follow the probation department's recommendation to impose full, consecutive terms for both counts. The probation report stated consecutive terms were mandatory under section 667.6, subdivision (d).

After considering various factors in aggravation and mitigation, the trial court briefly discussed what would be required from discretionary sentencing under section 667.6, subdivision (c). It then stated, "However, we are not operating under [section] 667.6[, subdivision] (c) here, are we?" The court proceeded to sentence defendant to full consecutive terms on counts 1 and 2, pursuant to section 667.6, subdivision (d).

### B. Law

Section 667.6, subdivision (d)(1) states,

> "A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions."
> (§ 667.6, subd. (d)(1).)

Section 667.6, subdivision (e) states that section 667.6, subdivision (d)(1)'s consecutive sentencing mandate applies to:

> "(1) Rape, in violation of paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261.

4.

"(2) Rape, in violation of paragraph (1), (4), or (5) of subdivision (a) of former Section 262.

"(3) Rape or sexual penetration, in concert, in violation of Section 264.1.

"(4) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) or (k), of Section 286.

"(5) Lewd or lascivious act, in violation of subdivision (b) of Section 288.

"(6) Continuous sexual abuse of a child, in violation of Section 288.5.

"(7) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) or (k), of Section 287 or of former Section 288a.

"(8) Sexual penetration, in violation of subdivision (a) or (g) of Section 289.

"(9) As a present offense under subdivision (c) or (d), assault with intent to commit a specified sexual offense, in violation of Section 220.

"(10) As a prior conviction under subdivision (a) or (b), an offense committed in another jurisdiction that includes all of the elements of an offense specified in this subdivision." (§ 667.6, subd. (e).)

Section 288.7, subdivision (b) states,

"Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." (§ 288.7, subd. (b).)

Section 289 defines "sexual penetration" as:

"the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." (§ 289, subd. (k)(1).)

5.

The decision to impose consecutive terms is reviewed for abuse of discretion. (*People v. Shaw* (2004) 122 Cal.App.4th 453, 458.)  When the trial court has imposed a sentence "on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228 ["Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion."]; *People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1480.)  Remand is only unnecessary when the record " 'clearly indicate[s]' " the court would have reached the same conclusion if it had been aware of its discretion.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

### C.    Analysis

Here, we agree with the parties that the trial court abused its discretion in ordering mandatory consecutive sentences for defendant's violation of section 288.7, subdivision (b) (count 1) and section 288.5, subdivision (a) (count 2), pursuant to section 667.6, subdivision (d), because count 1 was not an offense enumerated in section 667.6, subdivision (e).

Section 667.6, subdivision (d) only applies to the offenses enumerated in section 667.6, subdivision (e).  (§ 667.6, subds. (d), (e).)  As count 1 (§ 288.7, subd. (b)) is not listed in section 667.6, subdivision (e), it is not a qualifying offense under section 667.6, subdivision (d).

Further, even though section 288.7, subdivision (b), with which defendant was charged in count 1, incorporates section 289's definition of sexual penetration (§ 289, subd. (k)(1)), only forcible sexual penetration as defined in section 289, subdivisions (a) and (g) is included in 667.6, subdivision (e)'s enumerated offense.[4]  (§§ 289, subds. (a),

---

[4]    Section 289, subdivision (a)(1)(A) states,

(g), (k), 667.6, subd. (e).)  Nonforcible sexual penetration (§§ 288.7, subd. (b), 289, subd. (k)) is not necessarily included within section 667.6, subdivision (e)'s listed offenses.  (See *People v. Jimenez* (2000) 80 Cal.App.4th 286, 291 [§ 667.6, former subd. (d) applies to violation of former § 269 where former § 667.6 listed § 286 (forcible sodomy), necessarily included in the former § 269 violation]; see also *People v. Figueroa* (2008) 162 Cal.App.4th 95, 98–99 [§ 667.6, former subd. (d) applies to violation of § 269, subd. (a)(1) as subd. (d) lists § 261, subd. (a)(2) (forcible rape), necessarily included in the § 269 violation].)

As section 667.6, subdivision (d)'s mandatory consecutive sentencing provision is inapplicable, the court has discretion whether to impose concurrent or consecutive terms on counts 1 and 2, pursuant to section 669.[5]  (*People v. Valdez* (2011) 193 Cal.App.4th

---

"Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six, or eight years."  (§ 289, subd. (a)(1)(A).)

Section 289, subdivision (g) states,

"Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by threatening to use the authority of a public official to incarcerate, arrest, or deport the victim or another, and the victim has a reasonable belief that the perpetrator is a public official, shall be punished by imprisonment in the state prison for a period of three, six, or eight years."  (§ 289, subd. (g).)

[5]    Section 669 states, "(a) When a person is convicted of two or more crimes, … the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively.  Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction.  Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046 or pursuant to any

7.

1515, 1524 [absence of contrary provision left "the decision to impose consecutive or concurrent terms to the sentencing court's discretion under section 669"]; *People v. Woodworth*, *supra*, 245 Cal.App.4th at p. 1479 [" 'Absent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either consecutive or concurrent terms for multiple convictions' "].)

Here, the record does not clearly indicate whether the trial court would have imposed consecutive sentencing, had it been aware of its discretion. During sentencing, it stated it agreed with the jury's findings on the aggravating factors charged in the information and stated defendant's criminal history was significant. However, the court considered these factors when discussing whether a grant of probation was appropriate and did not clearly articulate whether these factors would necessarily have caused it to impose a consecutive sentence.[6] Accordingly, we conclude the trial court's sentence must be vacated and the matter remanded for resentencing.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing. In all other respects, we affirm.

---

other section of law that establishes a minimum period of confinement under the life sentence before eligibility for parole."

[6] As defendant's sentence must be vacated and the matter remanded for resentencing because section 667.6, subdivision (b)'s consecutive sentencing mandate is inapplicable to count 1, we need not reach the issue raised in defendant's opening brief about whether the trial court incorrectly applied section 667.6, subdivision (d) because both offenses occurred at the same time.